# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Jackson, ) | |
| ) | CV 07-414-TUC- JMR (JM) |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| City Court, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). *Docket No. 2.* Accordingly, the request to proceed *in forma pauperis* is granted. The determination that Plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Here, it appears from the face of the complaint that the Court is without jurisdiction and, therefore, Plaintiff has failed to state a claim on which relief could be granted.

Federal courts are presumptively without jurisdiction over civil actions, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), and are required to examine jurisdictional issues, even *sua sponte* if necessary, *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Subject matter jurisdiction may exist based on a federal question based on 28 U.S.C. § 1331. As a general matter, federal courts have jurisdiction pursuant to section 1331 over civil actions "arising under the Constitution, laws, or treaties of the United States." *Id.* Federal jurisdiction can also exist based on the diversity of the parties. 28 U.S.C. § 1332. Under section 1332, the district courts have original jurisdiction over all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

On August 21, 2007, Plaintiff, a resident of Tucson, Arizona, filed his complaint in this action alleging as follows:

> This letter is in regards to have an request of an investigation done, on the behalf of my Drivers license, I'm requesting a response form an investigater to find a desolution of This case. There has previously attemps to find correct evidence and facts in regarding of certain documents with correct information of alledged traffic citations. I've gone many time to the City Court Building to make payments towards my license, but there's always a hindrance I''ve also matched citations Dockets numbers that didn't correlate to the information that the Motor Vehicle Department have given to me; to take down there in order to receive my Drivers license, I feel that my rights have been violated, and I would like to put in a Judgment based on a discovery, indiposition to regards Articles: in Remitters= Legal Porcedures 10 Article 41-1005 rule and title 16 Article 4 Section R2 16-40

*Complaint*, Docket No. 1., p. 2 (sic).[1] Additionally, in the complaint under the heading "Jurisdiction," Plaintiff has provided the following: "General Order 4-26;" Administration Legal Procedures Article 41-1005;" "Rule & Title #16;" "Article 4 Section R-2 16-40;" "Section R=54.9] 59.61 [8.20 [8.64 [58.5;" "COA Rule II process;" "D.D Rule 30(b);" and "FRC R4 (part D)." *Complaint*, p. 1.

Plaintiff has not cited in these allegations a federal constitutional provision, law or treaty from which his claim arises. It also appears from the face of the complaint that

---

[1]Plaintiff has also filed three additional complaints against Defendant "City Court." *See Docket Nos. 3, 4 and 5.* These complaints, which have been docketed as supplements, do not contain additional factual allegations, but do contain jurisdictional allegations that are similar to those offered in the original complaint.

diversity does not exist between he and the Defendant, both of whom look to be citizens of Arizona. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1945).

**Accordingly**,

**IT IS RECOMMENDED** that the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore [Docket No. 2], be **granted**.

**IT IS FURTHER RECOMMENDED** that the Complaint be **dismissed without prejudice**.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-414-TUC-JMR**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 28th day of September, 2007.

Jacqueline Marshall
United States Magistrate Judge