**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Maurice Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV 07-414 TUC JMR |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| City Court, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On August 21, 2007 Plaintiff, a resident of Tucson, filed a request to proceed in forma pauperis and a complaint alleging as follows:

> This letter is in regards to have an request of an investigation done, on the behalf of my Drivers license, I'm requesting a response form an investigater to find a desolution of This case. There has previously attemps to find correct evidence and facts in regarding of certain documents with correct information of alledged traffic citations . I've gone many time to the City Court Building to make payments towards my license ,but there's always a hindrance I''ve also matched citations Dockets numbers that didn't correlate to the information that the Motor Vehicle Department have given to me ; to take down there in order to receive my Drivers license , I feel that my rights have been violated, and I would like to put in a Judgment based on a discovery, indiposition to regards Articles : in Remitters= Legal Procedures 1) Article 41-1005 rule and title 16 Article 4 Section R2 16-40

*Complaint*, Docket No. 1., p. 2 (sic).[1]  Additionally, in the complaint under the heading

---

[1] Plaintiff filed three additional complaints (Docs. No 3, 4, & 5) against defendant "City Court" which were docketed as supplements.  These do not contain additional factual allegations but do contain jurisdictional allegations similar to those offered in the original complaint.

"Jurisdiction," Plaintiff has provided the following: "General Order 4-26;" Administration Legal Procedures Article 41-1005;" "Rule & Title #16;" "Article 4 Section R-2 16-40;" "Section R=54.9] 59.61 [8.20 [8.64 [58.5;" "COA Rule II process;" "D.D Rule 30(b);" and "FRC R4 (part D)." *Complaint*, p. 1.

On September 28, 2007, after a thorough and well-documented analysis, Magistrate Judge Jacqueline Marshall issued a Report and Recommendation ("R&R") to this Court. Neither party filed an objection to the R&R. Judge Marshall recommended that this court grant Plaintiff's motion to proceed in forma pauperis but dismiss without prejudice the complaint for lack of subject matter jurisdiction.

When there are no objections to the R&R, the Court will modify or set aside only those portions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp.2d 1203, 1204 (D. Or. 1998). The Court has carefully reviewed the entire record and concludes that Magistrate Judge Marshall's recommendations are not clearly erroneous or contrary to law. The Court agrees that Plaintiff has not cited in his allegations a federal constitutional provision, law, or treaty from which the claim arises. The Court further agrees that from the face of the complaint diversity of citizenship is lacking. There being no federal question and no diversity of citizenship between the parties, the complaint suffers from a lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that the **REPORT AND RECOMMENDATION** of the

Magistrate Judge filed on September 28, 2007 (Doc. No. 6) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that CV 07-414 TUC JMR be **DISMISSED WITHOUT PREJUDICE**.

DATED this 2nd day of November, 2007.

_____
John M. Roll
Chief United States District Judge